NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0048n.06
Filed: January 15, 2008

No. 06-4180

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| **WILLIAM D. DOTSON,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| | ) | |
| **v.** | ) | **O P I N I O N** |
| | ) | |
| **TERRY COLLINS, ET. AL.,** | ) | |
| | | |
| *Defendants-Appellees.* | | |

BEFORE:   MERRITT, COLE, and GRIFFIN, Circuit Judges.

   **R. GUY COLE, JR., Circuit Judge.**  Plaintiff-Appellant William D. Dotson filed a complaint in district court against Defendants-Appellees Terry Collins, Director of Department of Rehabilitation and Corrections, Gary Croft, Chief of Ohio Adult Parole Authority, and Harry Hagemann, Chairperson of the Ohio Parole Board,[1] claiming under 42 U.S.C. § 1983 that a 1998

---

[1]At the time of Dotson's filings, the officials sued were Reginald Wilkinson, John Kinkela, and Margarette Ghee.  These officials have been replaced, respectively, by those currently holding the positions sued: Terry Collins, Gary Croft, and Harry Hageman.  All references in the record to the prior officials have been changed to reflect the current holders of those positions.

change in Ohio's parole release guidelines was applied to him retroactively in violation of the Ex

Post Facto Clause.[2]

For the reasons stated below, we **REVERSE** the district court's dismissal of Dotson's § 1983

claim, **REVERSE** the dismissal as to Defendants-Appellees Collins and Croft, and **REMAND** for

further proceedings not inconsistent with this opinion.

# I. BACKGROUND

Dotson filed a pro se complaint in district court on May 12, 2000, pursuant to 42 U.S.C. §

1983, alleging that the retroactive application of the 1998 Ohio parole guidelines violated the Ex

Post Facto and Due Process Clauses of the United States Constitution. The district court dismissed

Dotson's claims on the basis that a prisoner may not raise claims under 42 U.S.C. § 1983 that would

affect the validity of his or her conviction or sentence.

When considering Dotson's earlier appeal from a dismissal of this case, we noted that:

> William Dwight Dotson was convicted in Ohio in 1981 of aggravated murder.
> Under the regulations in place at that time, he was not eligible for parole for fifteen
> years. If he were denied parole at that point, the Parole Board would be required to
> give him another hearing within five years. Dotson was denied parole initially, and
> the Parole Board set his next hearing for ten years later, with a halfway point
> evaluation in five years. This plan complied with the regulations in effect when
> Dotson was sentenced.
> Before that five years lapsed, however, the Ohio regulations changed, and the
> new parole rules said that a prisoner convicted of aggravated murder was not eligible

---

[2]The Ohio Adult Parole Authority adopted new guidelines on July 1, 2007, and the Defendants-Appellees submitted at oral argument that these new guidelines will be applied to Dotson's future parole hearings. *See* Ohio Parole Board Guidelines Manual, July 1, 2007 (available at http://www.drc.state.oh.us/web/GuidelineManual07.pdf) (last visited Jan. 6, 2008).

for parole for more than thirty-two years. Dotson attended his halfway review, scheduled under the regulations in place at the time of his initial incarceration. At that review, however, the Parole Board decided the new rules applied retroactively, and the Parole Board announced that Dotson would not be eligible for parole until 2007. They nevertheless kept the 2005 date scheduled for Dotson's next hearing. The Parole Board made a determination about Dotson's parole eligibility, not about his parole suitability, as was required by the old regulations.

*Dotson v. Wilkinson*, 329 F.3d 463,465-66 (6th Cir. 2003) (en banc). We then reversed the district court's judgment and held that a § 1983 lawsuit was a proper vehicle to present this claim:

[W]here a prisoner does not claim immediate entitlement to parole or seek a shorter sentence, but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted, we hold such a challenge cognizable under section 1983.

*Id.* at 472.[3] The Supreme Court affirmed this Court's decision, remanding the case for further consideration. *Wilkinson v. Dotson*, 544 U.S. 74, 76, 85 (2005).

With the case once again before the district court, the Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and a motion pursuant to Rule 56 for summary judgment based on Dotson's failure to exhaust his claims under administrative procedures; Dotson filed oppositions to both of these motions. The district court denied the defendants' motion for summary judgment but granted their motion to dismiss, finding that the guidelines were not subject to the Ex Post Facto Clause. The district court additionally dismissed the motions as to defendants Collins and Croft. Dotson filed a timely appeal to this Court.

---

[3]We did not reverse the dismissal of Dotson's due process claim, and thus that claim is not before the Court.

## II. ANALYSIS

### A. Standard of Review

This Court reviews de novo dismissals based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. *E.g.*, *Fidel v. Farley*, 392 F.3d 220, 226 (6th Cir. 2004). Dismissal is proper only when the plaintiff can present no set of facts that would entitle him to relief. *E.g.*, *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004). In reviewing the dismissal, the Court reviews the complaint in the light most favorable to the plaintiff and accepts all of plaintiff's factual allegations as true. *Id.*

### B. Dotson has stated a claim under the Ex Poste Facto Clause.

Since the district court issued its decision that the Ex Post Facto Clause should not apply to these parole regulations, this Court addressed the issue and found otherwise. *Michael v. Ghee*, 498 F.3d 372 (6th Cir. 2007). *Michael* also addressed the 1998 changes to Ohio's parole guidelines, is directly on point, and forecloses this issue. *Id.* at 374.

The *Michael* Court established the relevant inquiry for finding violations of the Ex Post Facto Clause: "whether retroactive application of the 1998 Ohio guidelines creates a 'sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Id.* at 384 (quoting *Garner v. Jones*, 529 U.S. 244, 250 (2000)). The *Michael* Court concluded that plaintiffs can satisfy their burden of demonstrating a violation in one of two ways:

> First, plaintiffs can establish an ex post facto violation if they can show that the guidelines, on their face, show a significant risk of increased incarceration. *Garner*, 529 U.S. at 255. Second, when the guidelines do not by their own terms show a significant risk, plaintiffs "must demonstrate by evidence drawn from the [guidelines] practical implementation by the agency charged with exercising discretion, that its application will result in a longer period of incarceration than under the earlier [guidelines]."

*Id.* at 384.[4]

Using the analysis provided by *Michael*, we conclude that Dotson has stated a claim upon which relief could be granted by sufficiently showing that application of the 1998 parole guidelines result in "a longer period of incarceration than under the earlier guidelines." *Id.* Dotson has not presented statistics showing that inmates situated similarly to him receive longer sentences following the change in the 1998 guidelines; the State controls the information necessary to create these statistics, and Dotson's discovery request to obtain that information was denied. (Plaintiff Br. 25, citing Joint Appendix ("JA") 65-66, 67-69.) Instead, Dotson presented statements made by the State of Ohio that demonstrate that the practical implementation by the parole board of the 1998 guidelines will result in longer sentences. (Plaintiff Br. 17-18.) The 1998 guidelines provide ranges of time

---

[4]The *Michael* Court ultimately found that, on the record before them, the plaintiffs had not made a showing that the guidelines created a "sufficient risk of increasing the measure of punishment attached to the underlying crimes" and affirmed the district court's dismissal of the plaintiff's § 1983 claim. *Id.* at 380, 384. This decision was reached without making a decision about the constitutionality of the 1998 parole guidelines, in part because the plaintiffs in *Michael* included individuals sentenced under both 1987 guidelines and 1998 guidelines, and the 1987 guidelines had not been included in the record. *Id.* Additionally, the plaintiffs in *Michael* had been denied class certification, but failed to demonstrate how any one individual defendant was impacted by the 1998 parole guidelines change. *Id.* Therefore, the *Michael* decision provides this Court with the framework for analyzing the 1998 parole guidelines, but does not reach a decision regarding whether those guidelines violate the Ex Post Facto Clause.

for which a defendant might become eligible for parole, but the minimum time for many offenses—included Dotson's— was increased by the 1998 changes. The guidelines were accompanied by a purpose statement that stated that "[t]he use of a guidelines 'range' rather than a 'point' is to allow the Parole Board some discretion to address individual case factors *without departing from the guidelines.*" (JA 28, emphasis added.) In its brief for writ of certiorari before the Supreme Court in this case, the State wrote that "inmates convicted of more serious crimes generally serve longer periods of incarceration under the 1998 guidelines than they did under prior guidelines." (JA 71.)

As stated above, a plaintiff can establish an ex post facto violation when he shows either that "the guidelines, on their face, show a significant risk of increased incarceration" or by demonstrating that "the guidelines practical implementation by the agency charged with exercising discretion, that its application will result in a longer period of incarceration than under the earlier guidelines." *Michael*, 498 F.3d at 384 (quoting *Garner*, 529 U.S. at 255) (alterations omitted). For the purposes of surviving a 12(b)(6) motion to dismiss, Dotson has sufficiently demonstrated that the implementation of the 1998 Parole Guidelines is likely to result in increased incarceration. We therefore **REVERSE** the district court's dismissal of Dotson's § 1983 claim.

## C. Defendant Collins was Improperly Dismissed

The district court found that Collins, "having been sued in his official capacity as a state employee, enjoys immunity. *Will v. Michigan Department of State Police*, 109 S.Ct. 2304, 2312 (1989)." (JA 37.) However, Dotson is not seeking monetary damages, and thus he need only allege that Collins's actions constitute official policy and that such actions violated his constitutional rights.

*See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Pembuar v. Cincinnati*, 475 U.S. 469 (1986). Because Dotson has made such a showing, Collins was improperly dismissed, and the district court's dismissal of Defendant Collins is **REVERSED**.

### D. Defendant Croft was Improperly Dismissed

The district court dismissed Defendant Croft, stating that "[t]here being no allegations in the complaint against [Croft], Plaintiff has clearly failed to state a case sufficient to sustain any recovery against him." (JA 37.) However, Dotson's pro se complaint states:

> Defendant, [Croft], is the Chief of the Adult Parole Authority, which consist of the chief, a parole supervision section, and a parole board. He was appointed by the director pursuant to O.R.C. § 5149.02, to serve at the pleasure of the director, and to operate under rules adopted by the director as a regular Administrative Unit of the Department. The Legislature specified under O.R.C. § 5149.03, that the duties of the Parole Authority shall be to administer the provisions of Chapter 2967 et. seq., of the Ohio Revised Code. He is being sued in his official capacity.

(JA 12-13.) Dotson's pro se pleading should be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 519 (1972). This relaxed treatment does not remove the pleading requirements, which the Supreme Court has recently reiterated:

> In an ordinary civil action, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the rule encourages brevity, the complaint must say enough to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals*, 544 U.S. at 346.

*Tellabs v. Makor Issus & Rights, Ltd*, 127 S.Ct. 2499 (2007).

The State cites *Searcy v. City of Dayton*, 38 F.3d 282 (6th Cir. 1998) for their contention that a claim under 42 U.S.C. § 1983 requires evidence demonstrating that each defendant was personally involved in the violation. The section of *Searcy* dealing with § 1983 liability for supervisory employees states that "[a] supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" 38 F.3d at 287 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.) *cert denied*, 469 U.S. 845 (1984)). Because the plaintiffs in *Searcy* had not alleged that the supervisor was involved or encouraged a wrongful shooting, the Court upheld the dismissal for failure to state a claim upon which relief can be granted. However, unlike the situation in *Searcy*, Dotson has elaborated on Croft's supervisory role over the very conduct that he challenges as unconstitutional, and as such has met the requirements of *Searcy* as stated for supervisory employees.

The State next contends that *Monell* demonstrates that "[a] plaintiff must both plead and prove that a defendant personally deprived him of a constitutional right." (Defendants Br. 17-18, citing *Monell*, 436 U.S. at 694 n.58.) The State's citation does not support its argument. *Monell* addressed whether the doctrine of *respondeat superior* can be appropriately applied, and it states that "[b]y our decision in *Rizzo v. Goode*, 423 U.S. 362 (1973), we would appear to have decided that the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Id.* (citing *Rizzo*, 423 U.S. at 370-71.) However, *Rizzo* dealt with police officers and supervisors in a setting where there were no official policies showing a supervisor had control over the conduct in question. 423 U.S. at 370-71. Once

again, Dotson's case can be distinguished. Dotson is contesting a specific policy and has met whatever pleading requirement results from *Monell*. Dotson specified that Croft is a member of the Parole Authority and that the Parole Authority is charged with implementing the procedures to which Dotson objects.

Given that Dotson's pleadings provided Croft ample notice of the nature of Dotson's claim and the manner in which Croft was implicated in the claim, we **REVERSE** the dismissal of Defendant Croft.

## III. CONCLUSION

For the reasons above, this Court **REVERSES** the orders of the district court dismissing the complaint and **REMANDS** for further proceedings not inconsistent with this decision.

MERRITT, Circuit Judge, concurring. I concur in Judge Cole's opinion. In essence, we are simply following the Supreme Court's *ex post facto* opinion in *Garner v. Jones*, 529 U.S. 244, 250 (2000), holding that a prisoner must allege and then show that a new state law creates a substantial "risk" of increasing the time the prisoner must serve. The prisoner has clearly so alleged in this case in his complaint and in his objections to the magistrate's report. The District Court erroneously dismissed the claim under Rule 12(b)(6). The prisoner should now have an opportunity to prove his claim in accordance with standard trial procedures.